UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| GREGORY LEWANDOWSKI, | ) | Civ. 11-4125-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING MOTION FOR |
| | ) | RECUSAL, GRANTING LEAVE TO |
| JON S. FLEMMER, in his | ) | PROCEED IN FORMA PAUPERIS, |
| Administrative Capacity, | ) | AND DISMISSING CASE |
| | ) | |
| Defendant. | | |

Plaintiff, Gregory Lewandowski, moves for leave to proceed in forma pauperis in his pro se civil rights lawsuit against defendant, Judge Jon S. Flemmer in his "administrative" capacity. Lewandowski is incarcerated at the South Dakota State Penitentiary in Sioux Falls, South Dakota. Judge Flemmer is a circuit judge in the Fifth Judicial Circuit in South Dakota.

Lewandowksi alleges that Judge Flemmer deprived him of his rights under the Fifth and Fourteenth Amendments when he held probate proceedings for Lewandowski's children's estates. Lewandowski asserts that his children, Tiffany Rose Lewandowksi and Travis Craig Lewandowski, were enrolled members of the Sisseton Wahpeton tribe, and Judge Flemmer therefore lacked jurisdiction to hold probate proceedings. For these violations, Lewandowski seeks $2 million in compensatory damages, $5 million in punitive damages, and a declaration that the probate proceedings violated his constitutional rights.

Lewandowski also moves to recuse Judge Schreier from presiding over his case. In support of his recusal motion, Lewandowski asserts that "[a]s Karen Schreier presided over Civ. 10-4058 a similar case I would like a different Judge to preside." Docket 4. This is not a ground for recusal. *See Slangal v. Getzin*, 148 F.R.D. 619, 692 (D. Neb. 1993) (" '[A] judge's prior adverse ruling is not sufficient cause for recusal.' ") (citing *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)). Therefore, Lewandowski's motion for recusal is denied.

Because the Lewandowski's motion to recuse Judge Schreier is denied, the court considers his motion to proceed in forma pauperis. The Prison Litigation Reform Act (PLRA), 28 U.S.C. 1915, requires prisoners to make an initial partial filing payment where possible, even if in forma pauperis status is sought. "When an inmate seeks in forma pauperis status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (internal citations omitted). Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Lewandowski has indicated the average of the monthly deposits to his account is $0 and the average monthly balance of his account is *negative* $349.69.

2

Because Lewandowski has a negative balance in his prisoner trust account, the partial filing fee is waived. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). Therefore, Lewandowski's motion to proceed in forma pauperis is granted.

But the inquiry does not end there. The PLRA also requires this court to "screen" Lewandowski's complaint to determine whether it should be dismissed. Section 1915 provides an action must be dismissed if the court determines the claim "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## STANDARD OF REVIEW

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (citations omitted). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

*Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965; *Abdullah v. Minnesota*, No. 06-4142, 2008 WL 283693 (8th Cir. Feb. 4, 2008) (citing *Twombly* and noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

It has long been recognized that "civil rights pleadings should be construed liberally." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). The complaint, however, must at the very least contain facts that state a claim as a matter of law and must not be conclusory. *Id.* Broad and conclusory statements unsupported by factual allegations are not sufficient. *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974). Finally, although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.*

## DISCUSSION

This action arises from a wrongful death suit brought against various parties for the deaths of Tiffany Lewandowski and Travis Lewandowksi, Lewandowski's children. The children, who had been placed in temporary foster care by Sisseton Wahpeton Child Protective Services, died in a house fire on

January 15, 2005. The fire occurred after the foster children's bedding was ignited by a nearby propane heater. Lewandowski was appointed personal representative of the children's estates; his appointment was terminated October 5, 2006, by Judge Flemmer, a Circuit Court Judge for the Fifth Judicial Circuit of South Dakota, after a hearing in which Lewandowski appeared telephonically with his attorney. A new personal representative was appointed, who pursued wrongful death actions in both tribal and federal court.

  A review of this court's docket demonstrates that this action is the *third* time Lewandowski has resorted to the federal courts to challenge the handling of those lawsuits. *See Lewandowski v. Flemmer,* Civ. No 10-4058 and *Lewandowski v. SWST Fuel et. al,* Civ. No. 07-4159. In fact, Lewandowski seeks to revisit the claims this court decided in Judge Flemmer's favor in *Lewandowski v. Flemmer,* Civ. No 10-4058. The court previously dismissed Lewandowski's claims against Judge Flemmer because they were barred by the applicable statute of limitations, because Judge Flemmer was entitled to sovereign immunity in his official capacity, and because the court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine. See Civ. 10-4058, Docket 11, Order Granting Motion to Dismiss. The complaint is, in all respects but one, identical to the complaint in Civ. 10-4058.

  Lewandowski now alleges that the statute of limitations defense no longer applies "do [sic] to the recent null order issued April 1, 2010 Exhibit C by the

Defendant Flemmer[.]" Docket 1 at ¶ 13, Docket 1-4. But even if the state court's recent order placed Lewandowski's claim within the three- year statute of limitations applicable to civil rights lawsuits in South Dakota, Lewandowski cannot overcome the other bars to his lawsuit. Both sovereign immunity and the language of 42 U.S.C. § 1983 bar Lewandowski from recovering money damages from Judge Flemmer in his official capacity. And Lewandowski's claim for prospective relief is barred because this court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, which recognizes that, with the exception of habeas corpus petitions, the lower federal courts lack subject matter jurisdiction over challenges to state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Accordingly, Lewandowski has failed to state a claim upon which relief may be granted and his complaint is dismissed pursuant to 28 U.S.C. § 1915.

Despite the dismissal of Lewandowski's case pursuant to the screening procedures of § 1915, Lewandowski is still obligated to pay the filing fee. *In Re: Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his complaint with the court, and it cannot be avoided merely because the case is eventually dismissed. *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PLRA makes

prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). Accordingly, it is

ORDERED that Lewandowski's motion for recusal (Docket 4) is denied.

IT IS FURTHER ORDERED that Lewandowski's motion for leave to proceed in forma pauperis (Docket 2) is granted. The partial filing fee requirement is waived. The institution having custody of plaintiff is hereby directed that whenever the amount in plaintiff's trust account exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to plaintiff's trust account will be forwarded to the U.S. District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full. Plaintiff is advised the fee for filing this civil action is $350, and he remains fully responsible for the fee.

IT IS FURTHER ORDERED that Lewandowski's complaint is dismissed pursuant to 28 U.S.C. § 1915.

Dated October 19, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE